**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIKA COLBERT, | |
| Plaintiff, | Civil Action No. __2:26-cv-__3709 |
| v. | |
| METLIFE, | |
| Defendant. | |

## COMPLAINT

1. Plaintiff Erika Colbert brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover long-term disability benefits wrongfully denied under an employee welfare benefit plan sponsored by her employer, ADP TotalSource, and insured and/or administered by Defendant MetLife. This action is brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff reserves all rights under ERISA § 502(a) and § 502(g).

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, and under 29 U.S.C. § 1132(e)(1), which grants the district courts of the United States exclusive jurisdiction over civil actions brought under ERISA § 502(a)(1)(B).

3. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 1717 Arch Street, 15th Floor,

Philadelphia, Pennsylvania 19103, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

4. Plaintiff Erika Colbert is an adult individual residing at 8 Madison Street, Lynbrook, New York 11563. At all relevant times, Plaintiff was an employee of ADP TotalSource and a participant in the employee welfare benefit plan at issue.

5. Defendant MetLife maintains an office and conducts business at 1717 Arch Street, 15th Floor, Philadelphia, Pennsylvania 19103. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue in this action.

6. At all relevant times, Plaintiff was employed by ADP TotalSource and was a participant in a group long-term disability ("LTD") plan (the "Plan") sponsored by her employer.

7. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and is governed by ERISA.

8. The Plan is identified by policy number B2FD067BK.

9. Plaintiff's claim under the Plan was assigned claim number 732507141406.

10. The Plan provides long-term disability benefits to eligible participants who become disabled within the meaning of the Plan.

11. Plaintiff was employed in a sedentary professional capacity and was covered under the Plan during her employment.

12. Plaintiff last worked on February 21, 2025.

13. On or about February 21, 2025, Plaintiff became unable to perform the material duties of her occupation due to Metastatic Cutaneous Melanoma and Tumor of the Liver.

14. Plaintiff's functional limitations arising from her medical condition prevented her from performing the material duties of her occupation as required by the Plan.

15. Plaintiff timely submitted medical and claim information to Defendant in support of her claim for disability benefits under the Plan.

16. Plaintiff has satisfied all conditions precedent to recovery of benefits under the Plan, or such conditions have been waived, excused, or otherwise discharged.

17. Plaintiff submitted a claim for long-term disability benefits under the Plan.

18. On August 4, 2025, Defendant issued an initial adverse benefit determination denying Plaintiff's claim for long-term disability benefits.

19. In the August 4, 2025 initial denial letter, Defendant stated that it was "unable to approve your claim because we received medical evidence documenting that your medical condition is pre-existing."

20. Plaintiff timely submitted an administrative appeal of the initial denial.

21. On November 25, 2025, Defendant issued a final adverse benefit determination upholding the denial of Plaintiff's claim.

22. Plaintiff has exhausted the administrative remedies available to her under the Plan and 29 C.F.R. § 2560.503-1.

23. The Pre-Existing Condition Limitation does not apply to Plaintiff's disability, and Defendant's reliance on that Limitation to deny benefits was wrongful and contrary to the terms of the Plan.

24. Upon information and belief, the Sickness causing Plaintiff's disability — metastatic cutaneous melanoma with hepatic involvement — was first diagnosed after the Plan's coverage effective date and was not a Sickness for which Plaintiff received medical treatment, consultation, care, services, or prescribed medication during the Plan's three-month pre-coverage look-back period.

25. Upon information and belief, Plaintiff's treating oncologist has confirmed that Plaintiff's first treatment for the disabling condition occurred on February 21, 2025, and that any prior encounters during the look-back period consisted of routine surveillance only, with no symptoms, no findings, no treatment, and no melanoma-specific medications prescribed.

**STANDARD OF REVIEW**

26. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

27. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I — CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B)

28. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

29. Plaintiff is a participant in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), and is entitled to bring this civil action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits due to her under the terms of the Plan and to enforce her rights under the terms of the Plan.

30. At all relevant times, Plaintiff was disabled within the meaning of the Plan and entitled to long-term disability benefits under the Plan.

31. Defendant's denial of Plaintiff's claim for long-term disability benefits was wrongful, contrary to the terms of the Plan, and in violation of ERISA.

32. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has been deprived of long-term disability benefits to which she is entitled under the Plan.

33. Plaintiff is entitled to recover all past-due long-term disability benefits owed under the Plan, together with prejudgment interest, attorney's fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g)), and such other relief as the Court deems just and proper.

COUNT II — CLARIFICATION OF RIGHTS TO FUTURE BENEFITS UNDER ERISA § 502(a)(1)(B)

34. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

35. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant to bring a civil action to clarify her rights to future benefits under the terms of an employee welfare benefit plan.

36. Plaintiff's disability is continuing, and Plaintiff remains entitled to long-term disability benefits under the Plan's continuing-disability provisions for so long as she meets the Plan's definition of disability.

37. Plaintiff seeks a declaration that she remains entitled to long-term disability benefits going forward under the Plan's continuing-disability provisions, subject to the Plan's terms and conditions, and an order reinstating her to active claim status with payment of benefits as they become due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

a. Awarding Plaintiff all past-due long-term disability benefits from the date of termination through the date of judgment, together with prejudgment interest on past-due benefits;

b. Declaring that Plaintiff remains entitled to long-term disability benefits going forward under the Plan's continuing-disability provisions, subject to the Plan's terms and conditions, and ordering Defendant to reinstate Plaintiff to active claim status and pay benefits as they become due;

c. Awarding Plaintiff her attorney's fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g));

d. Awarding Plaintiff costs of suit; and

e. Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL

Plaintiff respectfully requests trial on the administrative record.

Respectfully submitted,

/s/Nicholas Feden
Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com
Attorney for Plaintiff